IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEPHANIE M. FORD, | ) |
| | ) No. 2:25-cv-00205-RJC |
| Plaintiff, | ) |
| | ) |
| v. | ) Judge Robert J. Colville |
| | ) |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**MEMORANDUM OPINION**

Robert J. Colville, United States District Judge

 Before the Court is the Motion to Dismiss (ECF No. 7) filed by Defendant, State Farm Mutual Automobile Insurance Company. The Court has jurisdiction in this matter pursuant to 28 U.S.C. § 1332(a). The Motion has been fully briefed and is ripe for disposition.

**I. Factual Background & Procedural History**

 In the Complaint, Plaintiff sets forth the following factual allegations relevant to the Court's consideration of the Motion at issue:

 Plaintiff alleges that she was involved in a multi-vehicle motor vehicle accident on March 4, 2024 while insured by Defendant. Compl., ECF No. 1, Ex. 2, ¶ 5, 15. On August 20, 2024, Plaintiff advised Defendant that she would be pursuing benefits under her policy's uninsured motorist ("UM") coverage. *Id.* ¶ 16. Additionally, Plaintiff provided Defendant with an affidavit of another driver involved in the accident and the event data recorder ("EDR") data from Plaintiff's vehicle. *Id.* ¶¶ 17-18. On November 1, 2024, Plaintiff issued a formal demand for the limits of the UM policy and provided Defendant with copies of Plaintiff's medical records and expenses. *Id.* ¶ 19. On November 20, 2024, Plaintiff testified under oath about the accident. *Id.* ¶ 20. Then,

1

on January 9, 2024, Defendant notified Plaintiff that it would not tender uninsured motorist benefits on the basis that Plaintiff was greater than 50% responsible for the accident. *Id.* ¶ 22. Plaintiff's Complaint asserts claims for breach of contract (Count I) and bad faith (Count II).

By way of procedural background, Plaintiff filed her Complaint on January 22, 2025 in the Court of Common Pleas of Allegheny County. ECF No. 1. Defendant filed its Notice of Removal on February 13, 2025. *Id.* On February 17, 2025, Defendant filed its Motion to Dismiss (ECF No. 7), along with a Brief in Support (ECF No. 8). Plaintiff filed a Response in Opposition (ECF No. 9) and a Brief in Opposition (ECF No. 10) on February 28, 2025. Defendant filed a Reply on March 6, 2025. ECF No. 11.

## II. Legal Standard

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). In deciding a motion to dismiss, the court is not opining on whether the plaintiff will likely prevail on the merits; rather, when considering a motion to dismiss, the court accepts as true all well-pled factual allegations in the complaint and views them in a light most favorable to the plaintiff. *U.S. Express Lines Ltd. v. Higgins*, 281 F.3d 383, 388 (3d Cir. 2002). While a complaint does not need detailed factual allegations to survive a Rule 12(b)(6) motion to dismiss, a complaint must provide more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554 (2007)). "A claim

has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court of the United States has explained:

> The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Id.* (quoting *Twombly*, 550 U.S. at 556) (internal citations omitted).

The United States Court of Appeals for the Third Circuit instructs that "a court reviewing the sufficiency of a complaint must take three steps." *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). The Third Circuit explained:

> First, it must "tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 679; *see also Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 224 (3d Cir. 2011) ("Mere restatements of the elements of a claim are not entitled to the assumption of truth." (citation and editorial marks omitted)). Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679.

*Connelly*, 809 F.3d at 787. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679 (internal citations omitted).

In addition to reviewing the facts contained in the complaint, a court may consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994). When a document integral to or relied upon in the complaint is included, the court may also

consider that document. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

Although a district court is not obligated to permit leave to amend before dismissing a complaint in a non-civil rights case, *Wolfington v. Reconstructive Orthopaedic Assocs. II P.C.*, 935 F.3d 187, 210 (3d Cir. 2019), courts generally grant leave to amend unless amendment of the complaint would be inequitable or futile. *See, e.g., Bachtell v. Gen. Mills, Inc.*, 422 F. Supp. 3d 900, 915 (M.D. Pa. Oct. 1, 2019) (citing *Phillips v. Allegheny Cty.*, 515 F.3d 224, 245 (3d Cir. 2008)).

### III.    Discussion

Defendant argues that Plaintiff's bad faith claim (Count II) should be dismissed because Plaintiff has failed to state a claim for relief under 42 Pa.C.S.A. § 8371. More specifically, Defendant asserts that plaintiff has failed to plead facts sufficient to establish that Defendant lacked a reasonable basis for denying Plaintiff's claim and knew of or recklessly disregarded its lack of a reasonable basis in denying Plaintiff's claim.

"In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured," the Court may award the relief set forth in 42 Pa.C.S.A. § 8371. In addressing the elements of a statutory bad faith claim, the Supreme Court of Pennsylvania has explained:

> In order to recover in a bad faith action, the plaintiff must present clear and convincing evidence (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew of or recklessly disregarded its lack of a reasonable basis. Additionally, we hold that proof of an insurance company's motive of self-interest or ill-will is not a prerequisite to prevailing in a bad faith claim under Section 8371, as argued by Appellant. While such evidence is probative of the second *Terletsky* prong, we hold that evidence of the insurer's knowledge or recklessness as to its lack of a reasonable basis in denying policy benefits is sufficient.

*Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 365 (Pa. 2017). "Bad faith claims are fact specific and depend on the conduct of the insurer vis à vis the insured." *Condio v. Erie Ins. Exch.*, 899 A.2d 1136, 1143 (Pa. Super. 2006) (citing *Williams v. Nationwide Mutual Ins. Co.*, 750 A.2d 881, 887 (Pa. Super. 2000)). An insured must set forth more than "'bare-bones' conclusory allegations that are not accompanied by factual allegations sufficient to raise the claims to a level of plausibility required to survive a Rule 12(b)(6) motion to dismiss." *Kosmalski v. Progressive Preferred Ins.*, No. CV 17-5726, 2018 WL 2045827, at *2 (E.D. Pa. May 2, 2018).

Here, Plaintiff offers specific and relevant facts in support of her bad faith claim that go beyond mere conclusory allegations. *See* Compl. ¶¶ 16-22, 37-38, 42. The Complaint sets forth the existence of an insurance policy with Defendant that provided for UM coverage. *Id.* ¶ 15. The Complaint asserts that, at the time of the relevant accident, Plaintiff was "lawfully and carefully" operating her vehicle "below the speed limit in a safe, prudent, and lawful manner while maintaining a safe following distance." *Id.* ¶¶ 6-7. That following the accident, Plaintiff notified Defendant of her intent to seek UM coverage and provided Defendant with an affidavit of another driver involved in the accident and EDR data from Plaintiff's car. *Id.* ¶¶ 16-18. The Complaint further provides that Plaintiff voluntarily submitted to a deposition and testified that the vehicle in front of her braked abruptly. *Id.* ¶ 19. The Complaint states that Defendant denied UM coverage finding that Plaintiff was greater than 50% responsible for the accident. *Id.* ¶ 22. Lastly, the Complaint alleges that Defendant failed to properly investigate, failed to make a reasonable evaluation of Plaintiff's claim, failed to follow company procedures when handling Plaintiff's claim, and applied an inconsistent standard to Plaintiff's claim. *Id.* ¶ 42.

Plaintiff's allegations amount to a claim that Defendant, acting unreasonably and based on a misrepresentation of the facts, denied coverage despite Plaintiff's evidence to the contrary. Such

allegations, if substantiated, may provide a sufficient basis for a factfinder to infer that Defendant acted in bad faith. *See Snider for Goldhirsh v. State Farm Fire and Casualty Company*, 644 F. Supp. 3d 141, 147 (E.D. Pa. 2022) (denying motion to dismiss as to the plaintiff's bad faith claim when the plaintiff alleged that the defendant denied coverage under an exclusion in the policy despite evidence that the loss was not caused by an exclusion); *Scarpato v. Allstate Ins. Co.*, Civil Action No. 05-05520, 2007 WL 172341, at *5 (E.D. Pa. Jan. 23, 2007) (finding that the plaintiff sufficiently pled a bad faith claim when the complaint set forth that the defendant refused to pay the claim without conducting a reasonable investigation based on all information and asserted policy defenses without a reasonable basis in fact). As such, Defendant's Motion to Dismiss Plaintiff's bad faith claim is denied.

## IV.    Conclusion

For the reasons discussed above, the Court will deny Defendant's Motion to Dismiss. An appropriate Order of Court follows.

BY THE COURT:

*/s/Robert J. Colville*
Robert J. Colville
United States District Judge

DATED: January 28, 2026

cc: All counsel of record